UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>XPRESSBET, LLC,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, John Martinez, by and through his attorney, Christi Wallace, Esquire, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover all available damages for violations under the Americans with Disabilities Act as Amended ("ADA") 42 U.S.C §12112 and §12203, the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§2615-2619 and Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 955. Plaintiff was discriminated against for his disability and retaliated against because of his disabilities and for using approved FMLA.

### II. Jurisdiction and Venue

2. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C §12112 and §12203, the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§2615-2619 and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. Plaintiff was a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff, John Martinez ("Plaintiff"), is an adult individual currently residing at 1098 Old Ridge Rd., Avella, PA 15312.

5. Defendant, Xpressbet, LLC ("Defendant") is a business entity conducting business in Pennsylvania at 200 Race Track Rd., Bldg. #26, Washington, PA 15301.

### IV. Facts

6. Plaintiff became employed with Defendant in 2015.

7. Plaintiff is disabled in that he suffers from chronic anxiety and HIV.

8. In January of 2017, Plaintiff informed Defendant's Human Resources department, specifically Sandra Worry, of his HIV diagnoses and his chronic anxiety, which while previously occurring, was exacerbated by his diagnosis of HIV.

9. Plaintiff was approved for intermittent FMLA on January 27, 2017.

10. On May 5, 2017 Plaintiff was granted continuous FMLA due to exacerbated stress and anxiety.

11. Plaintiff returned to work on July 13, 2017.

12. On January 16, 2017, prior to Plaintiff being approved for intermittent FMLA, he was promoted to Product Line Operator.

13. Upon his return from FMLA on July 13, 2017, Plaintiff was demoted to a Customer Service Representative.

14. Plaintiff was told that his leave "impeded the business" so the demotion was necessary.

15. To Plaintiff's knowledge and belief, the individual who was given Plaintiff's Product Line Operator position while he was out of work on FMLA was not given the position initially due to being repeatedly late for work.

   a. To Plaintiff's knowledge and belief, the individual who was given Plaintiff's Product Line Operator position was not disabled.

16. On August 1, 2017, Plaintiff was on a telephone call with a particularly difficult and unruly customer.

   a. Plaintiff informed the customer about Defendant's policies, and what Plaintiff could do to assist him.

   b. The customer was not satisfied and asked Plaintiff if he could speak to someone else.

   c. Plaintiff attempted to escalate the call to his supervisor Jeremy Fields ("Mr. Fields") per Defendant's policy.

   d. Mr. Fields refused to take the customer's call and directed Plaintiff to take the call back and reiterate what he had previously told the customer.

   e. The customer began swearing and screaming at Plaintiff which triggered his severe and chronic anxiety.

   f. Plaintiff removed his telephone headset and stepped outside to get some air and to take his anxiety medication in order to prevent a full panic attack.

   g. Plaintiff was outside for no more than two minutes.

    h.   When Plaintiff returned into the building, Mr. Fields asked him if he was "packing up his stuff."

    i.   Plaintiff asked Mr. Fields what he meant by "are you packing up your stuff?"

    j.   Mr. Fields said "you know you can't do that" referring to Plaintiff stepping outside for two minutes in order to take his anxiety medication and to calm down.

17.   Plaintiff believed he was terminated at that point.

18.   Plaintiff's belief that he was terminated was confirmed when he received a letter from Defendant outlining his options for COBRA insurance benefits.

19.   Prior to Plaintiff's FMLA and Defendant knowing of his disabilities, he had taken a few moments outside to calm down after a difficult customer with no issue whatsoever.

20.   It was only after he took FMLA that he was terminated for such behavior.

21.   Within one month from returning from FMLA Plaintiff was terminated.

## V. Allegations

### Count I
### Americans with Disabilities Act (ADA) 42 U.S.C §12112
### DISABILITY DISCRIMINATION

22.   The preceding paragraphs are incorporated herein as if set forth at length.

23.   Plaintiff is in a protected class as he is disabled due to chronic anxiety and HIV.

24.   Defendant was aware of Plaintiff's disabilities.

25.   Plaintiff was fully qualified to do his job.

26.   Defendant engaged in the following unlawful discrimination in violation of the ADA:

    a.   Plaintiff was demoted shortly after Defendant became aware of his disabilities.

    b.   To Plaintiff's belief and knowledge, a non-disabled employee was given Plaintiff's position which he held prior to medical leave.

    c. Plaintiff was terminated for stepping outside due to his disability being exacerbated by a difficult call.

        i. Plaintiff had done this numerous times prior without any repercussions.

        ii. As soon as Defendant became aware of his disability Plaintiff was punished and terminated for such behavior.

27. Plaintiff was damaged by Defendant's actions.

**Count II**
**Americans with Disabilities Act (ADA) 42 U.S.C §12203**
**DISABILITY RETALIATION**

28. The preceding paragraphs are incorporated herein as if set forth at length.

29. Plaintiff is in a protected activity when he requested accommodations in the form of leave.

30. Defendant engaged in the following unlawful retaliation in violation of the ADA:

    a. Plaintiff was demoted shortly after he requested accommodations in the form of leave.

    b. To Plaintiff's belief and knowledge, a non-disabled employee was given Plaintiff's position which he held prior to medical leave.

    c. Plaintiff was terminated for stepping outside due to his disability being exacerbated by a difficult call.

        i. Plaintiff had done this numerous times prior without any repercussions.

        ii. As soon as Defendant became aware of his disability and request for accommodations in the form of leave, Plaintiff was punished and terminated for such behavior.

31. Plaintiff was damaged by Defendant's actions.

### Count III
### Pennsylvania Human Relations Act (PHRA), 43 P.S. §955
### DISCRIMINATION

32. The preceding paragraphs are incorporated herein as if set forth at length.

33. Plaintiff is in a protected class as he is disabled due to chronic anxiety and HIV.

34. Defendant was aware of Plaintiff's disabilities.

35. Plaintiff was fully qualified to do his job.

36. Defendant engaged in the following unlawful discrimination in violation of the PHRA:

   a. Plaintiff was demoted shortly after Defendant became aware of his disabilities.

   b. To Plaintiff's belief and knowledge, a non-disabled employee was given Plaintiff's position which he held prior to medical leave.

   c. Plaintiff was terminated for stepping outside due to his disability being exacerbated by a difficult call.

      i. Plaintiff had done this numerous times prior without any repercussions.

      ii. As soon as Defendant became aware of his disability Plaintiff was punished and terminated for such behavior.

37. Plaintiff was damaged by Defendant's actions.

### Count IV
### Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955
### RETALIATION

38. The preceding paragraphs are incorporated herein as if set forth at length.

39. Plaintiff is in a protected activity when he requested accommodations in the form of leave.

40. Defendant engaged in the following unlawful retaliation in violation of

the PHRA:

    a. Plaintiff was demoted shortly after he requested leave.

    b. To Plaintiff's belief and knowledge, a non-disabled employee was given Plaintiff's position which he held prior to medical leave.

    c. Plaintiff was terminated for stepping outside due to his disability being exacerbated by a difficult call.

        i. Plaintiff had done this numerous times prior without any repercussions.

        ii. As soon as Defendant became aware of his disability and request for accommodations in the form of leave, Plaintiff was punished and terminated for such behavior.

41. Plaintiff was damaged by Defendant's actions.

## Count V
## Family Medical Leave Act (FMLA), 29 U.S.C. §§2615-2619
## FMLA RETALIATION

42. The preceding paragraphs are incorporated herein as if set forth at length.

43. Plaintiff was approved for FMLA due to his chronic anxiety and exacerbation of his anxiety due to his HIV diagnosis.

44. Plaintiff was approved for intermittent leave on January 27, 2017 and was approved for continuous FMLA leave from May 5, 2017 until July 13, 2017.

45. Defendant engaged in the following unlawful discrimination in violation of the FMLA:

46. Plaintiff was demoted upon his return from leave in retaliation for using FMLA.

47. The person who replaced Plaintiff in his position did not use FMLA.

48. Plaintiff was terminated for stepping outside to take his anxiety medication after a difficult customer despite stepping outside after difficult customers in the past prior to his FMLA

with no issues or discipline.

49. Plaintiff was terminated in retaliation for using his approved FMLA.

50. Plaintiff was damaged by Defendant's actions.

### **Request for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for the following:

a. Loss of back wages to date;

b. Front pay;

c. Other benefits of employment lost as a result of Defendant's unlawful conduct;

d. Compensatory and/or punitive damages;

e. Liquidated damages;

f. Plaintiff's legal fees;

g. Court costs; and

h. Other such relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Christi Wallace
Christi Wallace, Esq.   PA
ID No. 313721
*Attorney for Plaintiff*

**KRAEMER, MANES & ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
412.626.5575 (p)
412.206.0834
cw@lawkm.com